■    THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v. MORRIS MASSRY, Also Known as MURRAY MASSRY, Respondent-Appellant.— Cross appeals from an order of the County Court of Rensselaer County, entered September 29, 1972, which granted defendant's motion to dismiss with respect to one indictment and denied the motion with respect to another indictment. In July, 1969 the New York State Temporary Commission of Investigation conducted hearings relating to the governmental administration of the affairs of the City of Troy, New York. Among a number of witnesses was Morris Massry, who testified concerning the reductions in assessments of real properties which he managed for various corporations or held an interest in himself. In particular, he discussed his appearance before the Grievance Board in the City of Troy where certain reductions were granted for the taxable year 1968 in consideration of the discontinuance by him of pending certiorari proceedings for prior years regarding the same properties. He further testified, under oath, that when he indicated the reductions were insufficient, the board responded with a further arrangement in that " They said, come back next year and we would give you another reduction if you will accept a compromise this year ". The following year reductions were made on the same properties together with three additional parcels in an amount exactly as requested, prior to the grievance day procedures and without Massry's appearance before the board. Sworn testimony by the members of the Grievance Board refuted his contention about an " arrangement " to come back the following year for further reduction. As a result of these discrepancies in testimony, a Rensselaer County Grand Jury instituted its own investigation as to the allegation of corruption within the governmental administration of the City of Troy. The same conflicting sworn testimony was obtained by the Grand Jury from the same parties under oath and after all parties duly executed waivers of immunity. Thereafter, in the course of the proceedings, the District Attorney of Rensselaer County

testified as a witness before the Grand Jury, after executing a waiver of immunity and being duly sworn. He testified that he was present during hearings conducted by the New York State Temporary Commission of Investigation in the City of Troy, that he heard the respondent-appellant testify at those hearings, that he had read a transcript of that testimony and that in his opinion the transcript he read was a true and accurate transcription of the hearings conducted involving Morris Massry. He then asked himself to read certain portions thereof which he felt were pertinent, whereupon the District Attorney read from the record portions of the sworn testimony of Morris Massry as it involved the various properties in which he was interested and the circumstances surrounding the reductions of their assessments. In May, 1970 the Grand Jury returned two indictments against the defendant charging him with the crime of perjury, first degree (Penal Law, § 210.15). The first indictment, number C-3837, accused defendant of false testimony before the State Investigation Commission, and the second indictment, number C-3838, containing two counts, accused him of false testimony before the Grand Jury of Rensselaer County. The court below, upon motion, dismissed the first indictment, number C-3837, stating in a written opinion it could "not overlook the probability that the appearance of the District Attorney, albeit well meaning and innocent of any ulterior motive on his part affected the objectivity of the members of the Grand Jury who returned the indictment." The second indictment was sustained and these appeals ensued. Examination of the record on appeal, which includes portions of the minutes of the Grand Jury, fails to suggest any evidence of impropriety on the part of the District Attorney. Although we conclude the procedure adopted by the prosecution did not result in any prejudice to the defendant, we do not approve of the appearance of the District Attorney as a witness before the Grand Jury for the purpose of authenticating prior testimony of the defendant. Such procedure should be avoided except under the most compelling circumstances. It is abundantly clear, from the record, that the Grand Jury assumed and exercised its responsibilities independent of efforts of the District Attorney. A number of that body actually participated in the questioning of all witnesses, and their entire investigation of this incident was in keeping with the historical traditions and legal obligations of the Grand Jury as an inquisitorial body. Nothing transpired to indicate that any procedures on the part of the District Attorney tended to impair the integrity of the Grand Jury, or attempt to influence them in their deliberations. An issue of credibility was presented for them to determine, and they resolved it against the defendant based upon testimony before their own body, as evidenced by indictment number C-3838, which was sustained by the court below. The defendant admitted testifying the same way before the State Investigation Commission and the record submitted corroborated his statement. Simple logic would indicate that if the testimony were false before the Grand Jury, it would also be false before the commission. The other issues raised by the defendant are equally without merit. Order modified, on the law and the facts, so as to reinstate indictment number C-3837, and, as so modified, affirmed. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.